**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **V.** | **:** | **CR. No. 06-048 001 S** |
| | **:** | |
| **ANTHONY ST. LAURENT SR.** | **:** | **FEBRUARY 18, 2008** |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS AND TERMINATE**
**TERM OF IMPRISONMENT**

On January 11, 2007 the defendant was sentenced to a term of 56 months imprisonment. He has since that date been housed at Devens FMC in Ayer, Massachusetts. He has been diagnosed as having Levator Ani Syndrome which is a disease characterized by extraordinary abdominal pain.

During the time of his entire incarceration he has suffered the infliction of intolerable pain and suffering, which is being treated with deliberate indifference. This unnecessary and wanton infliction of pain is proscribed by the Eight Amendment, the courts jurisprudence and modern standards of decency. The defendant has made repeated requests for care and the alleviation of pain, has followed the institutional and Bureau of Prison regulations, but has nonetheless been denied relief.

Primitive man believed that a crime created an imbalance which could be rectified only by punishing the wrongdoer. Thus sentencing was initially vengeance oriented. Gradually, emphasis began to be placed on the deterrent valve of a sentence upon future wrongdoing. The judge's prime objective in this system is not to punish but to treat. Sentencing: The Judge's Problem; Irving R. Kaufman, United States District Court Judge, Atlantic Monthly. (Jan 1960) In more recent times the public has pretty much

rejected the idea of "rehabilitation" for criminals, The Founding Fathers on Crime and Punishment, Ronald J. Pestritto, Ashbrook Center, (Feb 1996), and as a consequence, lawmakers have concentrated more on deterrence and incapacitation. This new emphasis has resulted in a remarkable increase in levels of punishment, but it has not altered the contours of punishment.

The history of the constitutional prohibition against cruel and unusual punishment has as its primary concern "torture" and other "barbarous" methods of punishment. In re. Kemmler, 136 US 436 (1890); Wilkerson v. Utah, 99 US 130 (1879). In more recent times the Supreme Court has held that the Eight Amendment proscribes more than physically barbarous punishments. Gregg v. Georgia, 428 US 153 (1976); Trop v. Dulles, 356 US 86 (1958); Weems v. United States, 217 US 349 (1910); Hawkins v. Hall, 644 F.2d 914 (1st Cir. 1981); Nadeau v. Helgemoe, 561 F.2d 411 (1st Cir. 1977). The Amendment embodies broad and idealistic concepts of dignity and civilized standards of humanity and decency. Estelle v. Gamble, 429 US 97 (1976) [quoting Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968)]. Specifically, the court has outlawed the unnecessary and wanton infliction of pain. Gregg v. Georgia, supra at 173; Louisiana Ex Rel Francis v. Resweber, 329 US 459 (1947).

These principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration, and ensures that prisoners not endure pain or suffering which no one would suggest serves any penalogical purpose. Estelle v. Gamble, supra; Gregg v. Georgia, supra at 182; See also comment, The Rights of Prisoner to Medical Care and the Implications for Drug Dependent Prisoners and Pre Trial Detainees, 42 U. Chi L. Rev. 705 (1975).

The First Circuit has developed a three pronged test to determine whether there has been a violation of the Eight Amendment proscription against cruel and unusual punishment. Hawkins vs. Hall, 644 F.2d 914 (1st Cir. 1981); Nadeau v. Helgemoe, 561 F.2d 411 (1st Cir. 1977). Under the first prong the court must determine whether the punishment is grossly disproportionate to the offense; and under the second it must determine whether the punishment is so barbarous that it offends society's evolving sense of decency. In addition the court has embraced what is called the third test, whose essence is, that all punishment must have a legitimate penalogical purpose. Nadeau v. Helgemoe, supra; Jordan v. Fitzbarris, 257 F. Supp. 674 (N.D. Calif. 1966).

The course of conduct in this case violates all three interests that are protected by the Eight Amendment. Subjecting a prisoner to pain is grossly disproportionate to the offense. Moreover, the infliction of pain like that permitted here offends society's sense of decency and serves no legitimate penalogical purpose. In fact, while discipline and control of inmates are legitimate penalogical concerns, measures to effect that purpose may not offend contemporary standards of decency. M.C.I. Concord v. Hall, 447 F. Supp. 398 (D. Mass. 1978); Inmate of Suffolk County Jail v. Eisentadt, 360 F. Supp. 676 (D. Mass. 1973). Whatever may be the outer contours of acceptable prison discipline, the courts will not close their judicial eyes to prison conditions which present a grave and immediate threat to the health or physical well being of a prisoner. Haines v. Kerner, 404 US 519 (1972); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); Rocha v. Sowers, 454 F.2d 1155 (5th Cir. 1972); Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968).

The defendant should not be subjected to the physical pain which he endures, and the prison officials have a responsibility to respond with the appropriate treatment to

alleviate it. Where the government ignores the repeated requests of an inmate this court has jurisdiction to exercise its power of dismissal.

Respectfully submitted,
Anthony St. Laurent
By his attorney,

/s/ *JOHN F. CICILLINE*

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jfcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on February 18, 2008 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN F. CICILLINE*