IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 06-048 S
:
ANTHONY ST. LAURENT, SR. :

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS AND TERMINATE TERM OF IMPRISONMENT

The Defendant, Anthony St. Laurent, Sr. (Defendant), who was sentenced on January 11, 2007 to a 56-month term of imprisonment,[1] has filed a motion to dismiss his indictment and terminate his sentence of imprisonment. The Defendant alleges that his treatment at the Devens Federal Medical Center, operated by the Bureau of Prisons and located in Ayers, Massachusetts, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. In essence, the Defendant claims that he suffers from Levator Ani Syndrome[2] and that the Bureau of Prisons has ignored his requests for treatment. The government objects to his motion and asks that the motion be dismissed.

[1] The Defendant was sentenced on January 11, 2007 to 56 months imprisonment in Cr. No. 06-048 S and 24 months imprisonment concurrent as a supervised release violator in Cr. No. 99-031.

[2] The levator ani consists of three muscles. Levator ani syndrome refers to chronic or recurrent dull rectal pain or aching lasting 20 minutes or longer in the absence of organic disease. It is estimated to affect 6% of the U. S. population. Prescribed courses of treatment include message, hot baths and muscle relaxants, but do not include surgery.

In his supporting memorandum of law, the Defendant cites to numerous cases, none of which support the relief which he seeks. Several of the cases cited by the Defendant addressed whether the imposition of capital punishment - death by hanging or shooting, death by electrocution, imposition of the death penalty for murder, failed first execution due to a faulty electric chair[3]- for the crime committed violated the Eighth Amendment. The remaining cases cited by the Defendant reflect civil actions brought by inmates against prison officials challenging the conditions of their confinement, including medical treatment offered or received. See, e.g., Estelle v. Gamble, 429 U.S. 97 (1976) (civil rights action brought pursuant to 42 U.S.C. § 1983 for treatment received following prison injury); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972) (§ 1983 action based upon prison authorities assigning inmate with heart condition to perform heavy manual labor); Rocha v. Sowers, 454 F.2d 1155 (5th Cir. 1972) (§ 1983 action seeking monetary damages and injunction for alleged denial of adequate medical treatment for injuries received in prison).

As noted above, the Defendant seeks dismissal of his indictment and termination of his term of imprisonment. No case supporting such a remedy is cited by the Defendant, and the government knows of none. Clearly, the Defendant is not challenging the sentence imposed by this Court. There is nothing inherently violative of the prohibition against cruel and unusual punishment in a 56-month term of imprisonment for the crime of extortion conspiracy and for violation of supervised release. This Court's sentence is not unconstitutional. Even if the

[3] Wilkerson v. United States, 99 U.S. 130 (1878); In Re Kemmler, 136 U.S. 436 (1890); Gregg v. Georgia, 428 U.S. 153 (1976); State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459 (1947).

Defendant's allegations had some substance,[4] the Defendant's attack focuses upon the conditions of his confinement. If the Defendant has a good faith belief that the medical treatment provided by the institution is deficient, his remedy, in compliance with the directives and guidance set forth in the Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, is a suit brought in the United States District Court for the District of Massachusetts pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Jackson v. Fair, 846 F.2d 811 (1st Cir. 1988) (in challenging his medical care, state inmate brought § 1983 action in federal court). See also 18 U.S.C. § 3626 which contemplates that the appropriate remedy with respect to prison conditions lies in a civil action.[5] Whatever the Defendant's remedy, if any, it lies not with this Court.

---

[4] It is the government's contention that the Defendant receives medical treatment well above the norm from the medical staff at FMC Devens. For example, the Defendant's most recent medical examination and recommended course of treatment occurred March 4, 2008.

[5] No mention is made in § 3626 of dismissal of the indictment or release from custody as a remedy for inadequate medical care. In fact, § 3626 allows release of a prisoner in a civil action only where crowding is the primary cause of the violation of the Federal right and a three-judge panel has ordered release.

WHEREFORE, the government requests that this Court dismiss the motion of the Defendant.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden @usdoj.gov
R. I. Bar # 1680

**CERTIFICATION**

I hereby certify that on the 21st day of March, 2008, I electronically filed and served the Within Government's Response To Defendant's Motion To Dismiss And Terminate Term Of Imprisonment, to:

John F. Cicilline, Esq.
Law Offices
381 Atwells Avenue
Providence, RI 02909

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden @usdoj.gov
R. I. Bar # 1680